UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JESUS OLACHEA-MERIDA, | ) | CASE NO. 4:06 CV1336 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| T.R. SNIEZEK, WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On May 31, 2006, pro se petitioner Alphonso Olachea-Merida, Sr. filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Olachea-Merida, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names Warden T. R. Sniezek at F.C.I. Elkton, the Bureau of Prisons (BOP) and the United States Attorney General as respondents. Petitioner seeks an immediate transfer to Federal Medical Center (FMC) Butner, or immediate release from respondents' custody based on his current conditions of confinement.

*Background*

Mr. Olachea-Meridais is presently serving a prison term for violating 21 U.S.C. §§ 841 and 846. He claims he is scheduled for release in approximately 12 months, at which point he

will be deported to Mexico, his country of citizenship.

Three years ago, petitioner received a positive diagnose on an adenocarcinoma of the prostate while incarcerated at F.C.I. Elkton. He was transferred to FMC Butner in North Carolina on November 2, 2004 to undergo aggressive radiation therapy.

On or about March 30, 2005, Mr. Olachea-Meridais was transferred back to F.C.I. Elkton with a PSA score of .41 and "free of further rectal bleeding, which was attributed to the prostate carcinoma."[1] (Pet. at 3.) Since his return to F.C.I. Elkton, however, petitioner has suffered a relapse. He is experiencing severe and repeated rectal bleeding. While the staff is prescribing cortisone suppositories and pain medication his PSA score continues to elevate. He claims he sought to resolve the matter by pursuing his administrative remedies, but without success.

Under the current circumstances, Mr. Olachea-Meridais asserts that he is suffering and will continue to suffer pain from prostate cancer. He complains that F.C.I. Elkton is not a medical facility and, as such, it is incapable of providing radiation treatment or intervention. He maintains that respondents have a duty of care which they have breached and, in so doing, violated his rights to be free of cruel and unusual treatment under the Eighth Amendment. The personnel have not been adequately training in the detection, treatment and care of prisoners exhibiting symptoms of cancer. Mr. Olachea-Meridais adds that the staff at F.C.I. Elkton lack of proper training and have been deliberately indifferent to his medical needs by refusing to transfer him to FMC Butner.

---

[1]Petitioner describes this "PSA [as] . . . a laboratory scale employed in measuring the presence of cancer cells in the blood and is a recognized scientific method to monitor the increase/decrease of cancer cell presence." (Pet. at 2, n. 2)

*28 U.S.C. §2241*

Regardless of the nature of the § 2241 petition before a court, the statute mandates that the "writ . . . shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, because Mr. Olachea-Merida directs the writ to the warden at his present place of confinement, this court has personal jurisdiction over his custodian who is the proper respondent. See 28 U.S.C. § 2243 (district court shall direct a writ of habeas corpus "to the person having custody of the person detained"); Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95(1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") However, for the reasons set forth below, Mr. Olachea-Merida is not entitled to present his claims in a Section 2241 Petition

*Conditions of Confinement*

Habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. Okoro v. Scibana, No. 99-1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999),cert dismissed, 530 U.S. 1227 (2000); Rae v. Luttrell, No. 95-5453, 1996 WL 47104 (6th Cir. Feb. 5, 1996). Although Mr. Olachea-Merida claims that he is challenging the execution of his sentence, none of his assertions address such a claim. The petition is devoid of any reference to the manner in which the BOP is executing the sentence imposed by the court. Instead, Mr. Olachea-Merida complains that the conditions within which he is currently imprisoned violate the Eighth Amendment and he seeks an immediate transfer.[2] Petitioner's conditions of confinement claim is

---

[2]To the extent Mr. Olachea-Merida is asserting any right to be transferred to a prison facility of his choice that argument lacks merit. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(prisoner has not constitutional right to be incarcerated in a particular prison).

not the type of claim that should be brought in a habeas corpus petition, however, which is designed to test the legality or duration of confinement. See Badea v. Cox, 931 F .2d 573, 574 (9th Cir.1991). To the extent petitioner seeks relief other than release, the appropriate action would be to file a civil rights complaint.[3]

Accordingly, the petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              */s/Dan Aaron Polster 8/14/06*
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE

---

[3] In order to file a civil rights action, petitioner would be required to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the $350 filing fee. 28 U.S.C. § 1915; McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997). Moreover, plaintiff would be required demonstrate that he exhausted any administrative remedy available at his correctional facility before filing such a lawsuit with respect to the condition of which he complains. 42 U.S.C. §1997e.